CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2010

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRED LEWIS WILSON, | ) |
| Petitioner, | ) Case No. 7:10CV00457 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TRACY RAY, WARDEN, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petition challenges the Virginia Department of Corrections (VDOC) Courts and Legal Department's calculation of petitioner's total term of confinement. Upon review of the record, the court finds that petitioner's claims must be dismissed.

## I. Background

Fred Lewis Wilson stands convicted of multiple charges in several Virginia jurisdictions, but his claims in this action pertain to sentencing orders imposed in the Circuit Court for Botetourt County on February 1, 2007, and in the Circuit Court for Franklin County on February 12, 2007. The Botetourt court imposed two sentences: two years for grand larceny, with one year and six months suspended, and two years for breaking and entering, with none of this time suspended. The Franklin County sentencing order imposed a total sentence of six years, with four years and four months suspended. Furthermore, this order directed that one year of the active sentence of one year and eight months would run concurrent with the sentence imposed by Botetourt County on February 1, 2007.

In this habeas petition, Wilson asserts the following claims:

a. The VDOC is failing to compute one-year of the Franklin County sentence as being concurrent with his sentence from Botetourt County as the Court ordered, in violation of due process;

b. Petitioner should receive jail credit for June 30, 2006; and

c.     Petitioner is entitled to restoration of his "entire 85% good-time credits."

Wilson filed a Petition for Writ of Habeas Corpus in the Supreme Court of Virginia concerning claim (a) but not claims (b) or (c). The Court, by order dated August 13, 2010, dismissed the petition for a writ of habeas corpus on the basis that the claim does not lie in habeas. Wilson then filed this federal petition. The respondent filed a motion to dismiss, and Wilson responded, making the matter ripe for disposition. Upon review of the record, the court concludes that the petition must be dismissed in its entirety.

## II. Discussion

A. Claims Mooted by Recomputation of Sentence

The respondent offers evidence that calculation of Wilson's sentence has been changed since he filed the federal petition. The sentencing order in the Circuit Court for Franklin County indicated that one year of his active sentence would run concurrently to "the sentence" imposed by Botetourt County on February 1, 2007; however, it did not specify a particular Botetourt sentence. During an audit of Wilson's time, authorities discovered that one year of the Franklin County active sentence was being run concurrent with the shorter of the sentences imposed in Botetourt County, giving Wilson only a six-month reduction in his overall term of confinement. The respondent asserts that since the Franklin County order was ambiguous as to which Botetourt sentence the judge intended, Courts and Legal changed the computation to reflect that one year of the Franklin County active sentence would run concurrently with the longer, two-year sentence from Botetourt County. This recomputation decreased Wilson's total time to serve by an additional six months, and along with recalculation of his anticipated good time, moved up his anticipated good time release date to August 25, 2011.

Wilson concedes that he has received the concurrent sentence change requested in claim (a). He also concedes that Courts and Legal has credited him with one additional day, as requested in claim (b).[1] Therefore, the court must dismiss these claims as moot.

B. Claim Regarding Good Time Earning Rate

The respondent argues that because Wilson failed to present claim (c) to the Supreme Court of Virginia in his habeas petition, it is unexhausted and must be dismissed without prejudice. The court agrees that the claim must be dismissed, although for a different reason.

Wilson states that claim (c) is essentially a request that the state recalculate his good time in order to compensate him for the three years of mental distress he suffered as a result of the now-admitted miscalculation of his term of confinement. Wilson lost the ability to earn good conduct time toward his sentences on July 18, 2007, after being convicted of a disciplinary infraction that was allegedly based on false statements by correctional officers. He asserts that for equitable reasons, he should now be given the good conduct time he would have earned, absent this status change. He admits, however, that these allegations do not present a separate ground for habeas relief under § 2254. This statute does not authorize the court to order additional compensation in any form for constitutional errors already corrected in response to a legitimate § 2254 claim. Claim (c) will therefore be dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases, for failure to state a claim that Wilson is confined in violation of the Constitution or laws of the United States.[2]

---

[1] The respondent argues that because Wilson did not present claim (b) in his state habeas petition, it should be dismissed as unexhausted. Because Wilson concedes that the claim is moot, however, the court will dismiss the claim on that ground rather than for failure to exhaust.

[2] Pursuant to Rule 4 of the habeas rules, the court may summarily dismiss a § 2254 claim if it is clear from the face of petitioner's submissions that petitioner is not entitled to relief.

## III. Conclusion

For the stated reasons, the court concludes that Wilson's § 2254 petition must be dismissed in its entirety. Claims (a) and (b) are moot, and claim (c) does not state any ground on which Wilson is entitled to relief under § 2254. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of December, 2010.

_____
Chief United States District Judge